UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
ERGOWERX INTERNATIONAL, LLC                                             :
d/b/a/ SMARTFISH TECHNOLOGIES, LLC,                                     :
                                                                        :         13 Civ. 5633 (PAE)
                                               Plaintiff,               :
                                                                        :         OPINION & ORDER
                 -v-                                                    :
                                                                        :
MAXELL CORPORATION OF AMERICA,                                          :
                                                                        :
                                               Defendant.               :
                                                                        :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

In an Opinion & Order issued on April 23, 2014, the Court dismissed the federal claims in the Amended Complaint filed by plaintiff Ergowerx International, LLC, doing business as Smartfish Technologies, LLC ("Smartfish"). *See* Dkt. 48. Accordingly, the Court directed the parties to submit "a joint letter setting out, in detail, their respective views as to whether there is diversity jurisdiction over this matter; and if not, whether the Court should nevertheless exercise supplemental jurisdiction over the sole remaining claim, for breach of contract." *Id.* at 30. On May 2, 2014, the parties submitted their joint letter. Dkt. 49.

For the reasons that follow, the Court concludes that it lacks original jurisdiction over Smartfish's breach-of-contract claim. Moreover, because the federal claims were dismissed well before trial, the values of judicial economy, convenience, fairness, and comity weigh in favor of the Court declining to exercise supplemental jurisdiction over that claim. Accordingly, Smartfish's breach-of-contract claim is dismissed without prejudice.

**I.      The Court Lacks Original Jurisdiction Over Smartfish's Breach-of-Contract Claim**

In their joint letter, the parties dispute whether the Court has original jurisdiction over Smartfish's remaining breach-of-contract claim. Maxell asserts that because complete diversity between the parties is lacking, the Court does not have diversity jurisdiction over the claim. Smartfish asserts, however, that the Court has original jurisdiction under 28 U.S.C. § 1332(a)(2), which provides federal courts with subject-matter jurisdiction over disputes between "citizens of a State and citizens or subjects of a foreign state." "This form of diversity jurisdiction is often referred to as 'alienage' jurisdiction." *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (quoting *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 94–97 (2002)).

Smartfish's argument appears to be that complete diversity is not required for alienage jurisdiction—that is, so long as there is an alien on one side of the case and no alien on the other, the Court has original jurisdiction. This is not the law. Alienage jurisdiction is a form of diversity jurisdiction. *See id.* ("This *form of diversity jurisdiction* is often referred to as '*alienage' jurisdiction*.") (emphases added). Accordingly, to invoke alienage jurisdiction, there must still be complete diversity between the parties. *See E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998) ("It is axiomatic that, for diversity jurisdiction to be available, all of the adverse parties in a suit must be completely diverse with regard to citizenship."); *France v. Thermo Funding Co., LLC*, No. 13 Civ. 712 (SAS), 2013 WL 5996148, *2 (S.D.N.Y. Nov. 12, 2013) ("Federal jurisdiction may not be asserted on the basis of diversity unless 'the citizenship of each plaintiff is diverse from the citizenship of each defendant.'") (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)); *F. & H.R. Farman-Farmaian Consulting Engineers Firm v. Harza Eng'g Co.*, 882 F.2d 281, 284 (7th Cir. 1989) ("The rule of

complete diversity—that no plaintiff and no defendant may be a citizen of the same state—applies to alienage cases as well as to ordinary diversity cases."); *Depex Reina 9 P'ship v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 465 (10th Cir. 1990) ("The requirement of complete diversity . . . applies to the alienage provision of § 1332(a)(2).").

Here, complete diversity between the parties is indisputably lacking. Defendant Maxell Corporation of America ("Maxell") is a corporation organized in New Jersey, with a principal place of business in New Jersey—it is thus, by all accounts, a citizen of New Jersey. Smartfish is a limited liability company, and as such, "takes the citizenship of each of its members." *Bayerische Landesbank*, 692 F.3d at 49 (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000)). Smartfish's members are citizens of, *inter alia*, Switzerland and New Jersey. *See* Dkt. 32 and 49. Smartfish and Maxell thus share New Jersey citizenship.

The mere fact that one of Smartfish's members is a Swiss citizen does not, contrary to Smartfish's claim, establish "complete alienage jurisdiction." Dkt. 49 at 2. Smartfish cites no legal support for this proposition, which was rejected, in an analogous case, by the Tenth Circuit in *Depex*. There, plaintiff was a partnership between citizens of Delaware and Germany. Because the defendant corporation was also a citizen of Delaware, the Court held that complete diversity was lacking, notwithstanding the fact that plaintiff was also "a citizen of a foreign state." *Depex*, 897 F.2d at 465. The Tenth Circuit therefore reversed, and held that the district court did not have original subject matter jurisdiction.

Here, Smartfish and Maxell are both citizens of New Jersey. As in *Depex*, that fact alone destroys complete diversity, regardless of the fact that plaintiff is also a citizen of Switzerland. Accordingly, the Court lacks original jurisdiction over Smartfish's breach-of-contract claim.

## II. The Court Declines to Exercise Supplemental Jurisdiction Over Smartfish's Breach-of-Contract Claim

The Court must next determine whether to exercise supplemental jurisdiction over that claim. Federal district courts have supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, such jurisdiction is discretionary, *see City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997), and a district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3).

A district court should, in deciding whether to exercise its supplemental jurisdiction, balance the traditional "values of judicial economy, convenience, fairness, and comity." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994) ("[T]he discretion implicit in the word 'may' in subdivision (c) of § 1367 permits the district court to weigh and balance several factors, including considerations of judicial economy, convenience, and fairness to litigants."). However, both the Second Circuit and the Supreme Court have held that, as a general rule, "when the federal claims are dismissed the 'state claims should be dismissed as well.'" *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Although the exercise of supplemental jurisdiction is discretionary, the ordinary case "will point toward declining jurisdiction over the remaining state-law claims." *In re Merrill Lynch*, 154 F.3d at 61 (citing *Cohill*, 484 U.S. at 350 n.7); *see also Obot v. Bailey*, No. 13-3073, 2014 WL 814569 (2d Cir. Mar. 4, 2014) ("In the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Here, the circumstances do not counsel in favor of the Court's exercising supplemental jurisdiction over Smartfish's breach-of-contract claim. The case is at an early stage. As to the surviving claim, the Court has done little more than resolve a motion to dismiss aspects of that claim; it has not yet had occasion, let alone invested the resources necessary, to make itself familiar with the facts underlying the claim or to assess or resolve its merits. Nor do convenience, fairness, or comity counsel in favor of retaining jurisdiction. The parties point to the fact that they have already engaged in some "written discovery" pending the Court's resolution of Maxell's motion to dismiss. Dkt. 49 at 2. However, if Smartfish decides to bring its contract claim in state court, the parties will, presumably, be able to save time by virtue of having already completed this discovery. The Court accordingly declines to exercise supplemental jurisdiction over this claim.

## CONCLUSION

For the foregoing reasons, the Court declines to exercise supplemental jurisdiction over the sole remaining state-law claim. That claim is dismissed without prejudice to Smartfish's right to bring such a claim in state court.

The Clerk of Court is directed to terminate all pending motions and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: May 7, 2014
 New York, New York